## Beneficial Finance Co. v. Colonial Trading Co.

*Russell F. Griest*, for plaintiff.

*W. William Anderson*, for defendant.

SHADLE, J., August 2, 1967.—In this action of assumpsit, after the filing of a complaint, an answer containing new matter, and the reply, defendant has filed a motion for judgment on the pleadings. Argument was had before the court en banc, and this opinion and order are filed on its behalf.

Plaintiff made a loan to John L. Eutzy and wife, taking from them a security agreement covering their household furnishings. The agreement was properly recorded. Thereafter, while a balance remained due plaintiff on the loan, defendant purchased from the Eutzys their household furnishings, and thereafter sold the same at public auction. Plaintiff has now sued defendant in *assumpsit* to recover the unpaid balance of its loan.

It is true, as plaintiff contends, that under the Uniform Commercial Code, a perfected security agreement is effective not only as between the parties but as against purchasers of the collateral from the

debtor: Act of April 6, 1953, P. L. 3, sec. 9-201, as amended, 12A PS §9-201. It is likewise true that upon default by the debtor, the secured party has the remedies of reducing his claim to judgment, foreclosing, or otherwise enforcing the security interest by any available judicial procedure: Uniform Commercial Code, supra, sec. 9-501, as amended, 12A PS §9-501.

However, section 9-501 clearly contemplates only a proceeding to obtain a judgment (for the debt) against the *debtor*, or a proceeding to obtain possession of the *collateral*. That this is so appears from section 9-306 of the code, supra, 12A PS §9-306. Subsection (2) thereof provides that ". . . a security interest continues in collateral notwithstanding sale . . . thereof by the debtor . . . and also continues in any identifiable proceeds including collections received *by the debtor*". (Emphasis supplied.) Comment 3 to this section states that ". . . since the purchaser takes subject to the security interest, the secured party may *repossess* the collateral from him or in an appropriate case maintain an action (in trespass) *for conversion*". (Emphasis supplied.)

We hold, therefore, that under the Uniform Commercial Code, where a debtor sells collateral subject to a perfected security agreement, the secured party may proceed (1) against the debtor (a) to collect the debt on the original instrument, or (b) to assert his rights under the security agreement against any identifiable proceeds *in the hands of the* debtor, or (2) against the purchaser (a) by repossession of the purchased goods in person or by an action in replevin, or (b) by an action *in trespass for conversion of the collateral*. However, once the purchaser has himself resold the goods, the secured party has no right of action *in assumpsit* against the *purchaser*, either for the original debt or for the proceeds of the resale.

Accordingly, defendant's motion must be sustained. However, plaintiff may be able to amend its complaint as to the form of the action under Pennsylvania Rule of Civil Procedure 1033, and to plead facts entitling it to a remedy. Such right will be afforded to it, if it elects to do so.

ORDER

And now, August 2, 1967, defendant's motion for judgment on the pleadings is sustained. Plaintiff is granted 20 days from the date to amend its complaint if it elects to do so. In the absence thereof, judgment is hereby entered on the pleadings in favor of defendant and against plaintiff as to the cause of action alleged in the present complaint.